**SUPERIOR COURT OF WASHINGTON
FOR SNOHOMISH COUNTY**

| | |
|---|---|
| SCOTT ICEBERG, | No. |
| Plaintiff, | SUMMONS (20 DAYS) |
| BROOKSTONE LANDSCAPE & DESIGN, LLC. TIM HAWKINS | |
| Defendants | |

TO THE DEFENDANT: A lawsuit has been started against you in the above entitled court by SCOTT ICEBERG, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not

Summons – Page 1 of 2

responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED: November, 7th at Mill Creek, Washington

Respectfully Submitted,

SCOTT ICEBERG
Pro Se Plaintiff
4008 133rd St SE
Mill Creek, WA 98012
425-480-9103

Summons – Page 2 of 2

Exhibit A
Page 2 of 17

**SUPERIOR COURT OF WASHINGTON
FOR SNOHOMISH COUNTY**

| | |
|---|---|
| SCOTT ICEBERG, | NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF |
| v. | |
| BROOKSTONE LANDSCAPE & DESIGN, LLC and TIM HAWKINS in his individual capacity, | |
| Defendants. | |

## I. INTRODUCTION

1. This is a disability discrimination, and nuisance, lawsuit, for money damages, injunctive relief, and declaratory relief.

2. Defendant regularly engages in the act of spraying glyphosate at the property where Plaintiff resides.

3. Defendant regularly engages in the act of using multiple gas powered leaf blowers at the property where Plaintiff resides.

4. Plaintiff is disabled, and requested the reasonable accommodation that Defendant not spray glyphosate, or use gas powered leaf blowers, at the property where Plaintiff resides.

COMPLAINT - 1

5. Without demonstrating Plaintiff's request that Defendant not spray glyphosate, or use gas powered leaf blowers, at the property where Plaintiff resides, to be a fundamental alteration, undue burden, or safety threat, Defendant denied Plaintiff's reasonable accommodation request that Defendant not spray glyphosate, or use gas powered leaf blowers, at the property where Plaintiff resides.

## II. PARTIES

6. Plaintiff Scott Iceberg is a disabled resident of Farm by Vintage Apartments, located at 4008 133rd ST SE, Mill Creek, Washington.

7. Defendant Tim Hawkins is the owner and registered agent for Brookstone Landscape & Design, LLC. Tim Hawkins is sued in his individual capacity with regard to Plaintiff's WLAD, Private Nuisance, and Public Nuisance causes of action

8. Defendant Brookstone Landscaping & Design, LLC is a business with a principal office located at 407 203rd PL SW, Lynnwood, Washington

## III. RELEVANT ALLEGATIONS

9. Plaintiff restates and re-alleges, as if fully incorporated herein, each and every allegation in preceding paragraphs.

10. Plaintiff has been diagnosed with panic disorder, generalized anxiety disorder, complex post traumatic stress disorder, and ulcerative colitis. Thus, Plaintiff is disabled as defined under the Americans with Disabilities Act, Rehabilitation Act, Fair Housing Act, and Washington Law Against Discrimination.

11. Due to Plaintiff's diagnoses of ulcerative colitis, and medication Plaintiff takes to mitigate the effects of ulcerative colitis, Remicade, Plaintiff is immune compromised, and is thus substantially limited with regard to immune system functioning.

COMPLAINT - 2

12. Very loud noise, such as the noise generated by multiple gas powered leaf blowers being used in concert, causes Plaintiff to experience severe panic attacks, due to Plaintiff's diagnoses of panic disorder. In addition, protracted and very loud noise, such as noise generated by multiple gas powered leaf blowers being used in concert, often causes Plaintiff such acute distress, that he experiences suicidal ideation.

13. On multiple occasions, while simply trying to quietly enjoy his very expensive apartment, Plaintiff has been suddenly startled by the sudden use of multiple gas power leaf blowers, being operated by employees of Defendant. Invariably, this causes Plaintiff to experience an extreme panic attack.

14. In addition to being inundated with extreme noise inherent to the operation of gas powered leaf blowers, Plaintiff would have his apartment filled with noxious, acrid, and toxic 2 cycle engine exhaust, which would invariably cause Plaintiff to feel physically ill, causing Plaintiff to experience a headache, sore throat, burning eyes, chest pain, and difficulty breathing.

15. Plaintiff noticed that Defendant would often use multiple gas powered leaf blowers in concert despite there being nothing to blow, such as any debris whatsoever, and/or using multiple gas powered leaf blowers in concert during pouring rain, where their use is completely ineffective, and thus unnecessary.

16. On multiple occasions Plaintiff would notice Defendant spraying some chemical at the property where Plaintiff resides, which, by reason and belief, Plaintiff alleges is glyphosate, a known carcinogen, neurotoxin, and health hazard, which is known to cause blood cancers such as lymphoma and leukemia.

17. Despite being personally aware of the health risks of glyphosate, Defendant continues to spray glyphosate at the property where Plaintiff resides.

COMPLAINT - 3

18. On 7-31-2023 Plaintiff contacted Defendant via email, and regular mail, requesting the reasonable accommodation that Defendant not use gas powered leaf blowers, or use glyphosate, at the property where Plaintiff resides. Said request is attached as EXHIBIT A. Plaintiff received no response to his reasonable accommodation request.

19. On 8-28-2023 Plaintiff again contacted Defendant via email, and regular mail, renewing his reasonable accommodation request that Defendant not use gas powered leaf blowers, or spray glyphosate, at the property where Plaintiff resides. Said request is attached as EXHIBIT B

20. On 8-28-2023 Defendant contacted Plaintiff via email, denying Plaintiff's reasonable accommodation request. Said email is attached as EXHIBIT C.

21. Defendant denied Plaintiff's reasonable accommodation request without demonstrating said request to be a fundamental alteration, undue burden, or safety threat.

22. Defendant did not offer Plaintiff any alternative reasonable accommodation.

23. In response to Plaintiff's reasonable accommodation request that Defendant not use gas powered leaf blowers at the property where Plaintiff resides, Defendant increased the frequency, and duration, of said use of leaf blowers, in order to retaliate against Plaintiff.

### IV. FIRST CAUSE OF ACTION
### ADA TITLE III - 42 U.S.C. § 12182

24. Plaintiff restates and re-alleges, as if fully incorporated herein, each and every allegation in preceding paragraphs.

25. Plaintiff is disabled as per the meaning under the ADA Title III - - 42 USC § 12182 as he has been diagnosed with panic disorder, generalized anxiety disorder, complex post traumatic stress disorder, and ulcerative colitis.

COMPLAINT - 4

26. Defendant, since 7-31-2023, has had notice of Plaintiff's disability, and Plaintiff's reasonable requests for accommodation that Defendant not use gas powered leaf blowers, or spray glyphosate, at the property where Plaintiff resides.

27. Despite knowledge of Plaintiff's disability, as well as knowledge as to how Plaintiff's disability is aggravated by the use of gas powered leaf blowers, and the use of glyphosate, at the property where Plaintiff resides, Defendant failed to provide Plaintiff with any accommodation whatsoever.

28. Defendant failed to demonstrate Plaintiff's reasonable accommodation request, that Defendant not use gas powered leaf blowers, or spray glyphosate, at the property where Plaintiff resides, to be a fundamental alteration, undue burden, or safety threat.

## V. SECOND CAUSE OF ACTION
## REHABILITATION ACT - 29 U.S.C. § 794

29. Plaintiff restates and re-alleges, as if fully incorporated herein, each and every allegation in preceding paragraphs.

30. On 4-14-2020 Defendant received a $350,927 Paycheck Protection Loan from the United States Federal Government, which was subsequently forgiven in it's entirety. Receiving this loan subjects Defendant to compliance with the Rehabilitation Act. See 29 U.S. Code § 794 (b)(3)(A). See EXHIBIT D.

31. Defendant, since 7-31-2023, has had notice of Plaintiff's disability, and Plaintiff's reasonable requests for accommodation that Defendant not use gas powered leaf blowers, or spray glyphosate, at the property where Plaintiff resides.

32. Despite knowledge of Plaintiff's disability, as well as knowledge as to how Plaintiff's disability is aggravated by the use of gas powered leaf blowers, and the use of glyphosate, at the property where Plaintiff resides, Defendant failed to provide Plaintiff with any accommodation whatsoever.

COMPLAINT - 5

33. Defendant failed to demonstrate Plaintiff's reasonable accommodation request, that Defendant not use gas powered leaf blowers, or spray glyphosate, at the property where Plaintiff resides, to be a fundamental alteration, undue burden, or safety threat.

## VI.  THIRD CAUSE OF ACTION
## WASHINGTON LAW AGAINST DISCRIMINATION - RCW 49.60

34. Plaintiff restates and re-alleges, as if fully incorporated herein, each and every allegation in preceding paragraphs.

35. Plaintiff is disabled as per the definition under the WLAD - 49.60 RCW, as the WLAD incorporates a definition of disability even more broad than the ADA

36. Defendant is a place of public accommodation as defined under the WLAD - 49.60 RCW.

37. Under the WLAD - 49.60 RCW, and it's implementing regulation, WAC 162-26-060, Defendant is required to provide reasonable accommodations. This would include the reasonable accommodation requested by Plaintiff, that Defendant not use gas powered leaf blowers, or spray glyphosate, at the property where Plaintiff resides.

38. By failing to provide Plaintiff with any reasonable accommodations whatsoever, Defendant has violated Plaintiff's rights under the WLAD - 49.60 RCW, and it's implementing regulation, WAC 162-26-060.

## VII.  FOURTH CAUSE OF ACTION
## PUBLIC NUISANCE - RCW 7.48.130

39. Plaintiff restates and re-alleges, as if fully incorporated herein, each and every allegation in preceding paragraphs.

COMPLAINT - 6

40. The extreme amount of noise generated by gas powered leaf blowers, in addition to being extremely annoying, is loud enough that it is injurious to the hearing of the general public living in the near vicinity of Plaintiff's apartment complex.

41. The noxious, acrid, and toxic 2 cycle engine exhaust generated by the use of gas powered leaf blowers, in addition to being annoying, is harmful to the health of the general public living in the near vicinity of Plaintiff's apartment complex.

42. Glyphosate is a known carcinogen, and its use is a per se public nuisance. The extreme and unreasonable harm to the general public living in the near vicinity of Plaintiff's apartment is obvious. There is no legitimate reason for anyone to spray glyphosate, which is known to cause lymphoma, and other cancers, in a residential area, such as the apartment complex where Plaintiff resides.

43. While the noise generated by gas powered leaf blowers may be annoying and injurious to the health of the general public, said noise is exponentially more harmful to Plaintiff, due to the manner in which said noise severely aggravates Plaintiff's disability, including causing Plaintiff to experience panic attacks and/or suicidal ideation.

44. While the noxious, acrid, and toxic 2 cycle engine exhaust generated by the use of gas powered leaf blowers may be annoying and injurious to the health of the general public, due to the manner in which said toxic 2 cycle engine exhaust aggravates Plaintiff's disability, and needlessly increases Plaintiff's already elevated chances of developing lymphoma, and other cancers, such use of gas powered leaf blowers is exponentially more harmful to Plaintiff.

45. While the spraying of glyphosate at the apartment complex where Plaintiff resides may needlessly put the public's health at risk, and make a considerable number of persons insecure in life, such spraying is exponentially more harmful to Plaintiff, due to Plaintiff's disability, and mitigation measures employed by Plaintiff, such as Remicade infusions.

## IX. PRAYER FOR RELIEF

46. WHEREFORE, having set for his claim for relief, Plaintiff Scott Iceberg prays for relief against Defendant as follows:

   a. That a monetary judgement be entered against Defendant, and in favor of Plaintiff;
   b. Injunctive relief enjoining Defendant from continuing to use gas powered leaf blowers, or spray glyphosate, at the property where Plaintiff resides;
   c. Declaratory relief stating that Defendant has violated Plaintiff's rights under the ADA Title III, Rehabilitation Act, and WLAD;
   d. Declaratory relief stating that Defendant's spraying of glyphosate constitutes a public nuisance
   e. Declaratory relief stating, that in violating Plaintiff's rights under the ADA Title III Rehabilitation Act, and WLAD, that Defendant committed a per se violation of RCW 19.86, and is thus subject to treble damages;
   f. Any and all such further relief this Court deems appropriate.

DATED this 7th day of November, 2023 at Mill Creek, Washington

*[signature]*

SCOTT ICEBERG
PLAINTIFF IN PRO PER
4008 133rd ST SE Apt 520
Mill Creek, WA 98012
scotticeberg@yahoo.com
425-480-9103

COMPLAINT - 8

# EXHIBIT A

Farm by Vintage - WLAD - ADA - FHA - Request for modification

Scott Iceberg (scotticeberg@yahoo.com)

sales@brookstonelandscapes.com; farmbyvintage.cd@fpimgt.com; jbwhitesides@vintagehousing.com

Monday, July 31, 2023 at 10:11 AM PDT

I'm a resident of Farm by Vintage Apartments, located at 4008 133rd ST SE. I am disabled. I have been diagnosed with an auto-immune disorder. I noticed that you have been spraying Roundup on the property, which is known to cause blood cancers, such as leukemia, and lymphoma. Having an auto-immune disorder, and the medications I take to treat said disorder, already put me an a greatly elevated risk of developing blood cancers, such as leukemia and/or lymphoma. Your use of Roundup on this property simply puts me at an unacceptable risk. As such, as a specific modification under the Washington Law Against Discrimination, Americans with Disabilities Act Title III, and the Fair Housing Act, please immediately cease using Roundup on this property.

In addition, you regularly employ 2 cycle gas powered leaf blowers. The noise and air pollution created by use of such leaf blowers constitutes a nuisance under Washington State law, and severely aggravates my disability. As a specific modification under the Washington Law Against Discrimination, Americans with Disabilities Act Title III, and Fair Housing Act, please immediately cease using 2-cycle gas powered leaf blowers on this property. You may use electric leaf blowers, which are ten time quieter, and produce engine exhaust. Electric leaf blowers are readily available at your local Home Depot.

THESE ARE SPECIFIC REQUESTS FOR MODIFICATION. IN ORDER TO DENY SAID REQUESTS WITHOUT VIOLATING THE LAW YOU MUST DEMONSTRATE SAID REQUESTS TO BE A FUNDAMENTAL ALTERATION, UNDUE BURDEN, OR SAFETY THREAT. FAILURE TO RESPOND IS A VIOLATION OF THE ADA, FHA, AND WLAD.

Best Regards,

Scott Iceberg
4008 133rd ST SE Apt E520
Mill Creek, WA 98012

# EXHIBIT B

WLAD - Request for accommodation - second attempt

Scott Iceberg (scotticeberg@yahoo.com)

sales@brookstonelandscapes.com; farmbyvintage.cd@fpimgt.com; ethnie@brookstonelandscapes.com; tim@brookstonelandscapes.com

Monday, August 28, 2023 at 01:32 PM PDT

I contacted you on 7-31-23, with the email below. I'm concerned you may be failing to respond deliberately. It is a violation of the WLAD and ADA to refuse to respond to a reasonable accommodation request.

Best Regards,
Scott Iceberg

On Monday, July 31, 2023 at 10:11:50 AM PDT, Scott Iceberg <scotticeberg@yahoo.com> wrote:

Hi,

I'm a resident of Farm by Vintage Apartments, located at 4008 133rd ST SE. I am disabled. I have been diagnosed with an auto-immune disorder. I noticed that you have been spraying Roundup on the property, which is known to cause blood cancers, such as leukemia, and lymphoma. Having an auto-immune disorder, and the medications I take to treat said disorder, already put me an a greatly elevated risk of developing blood cancers, such as leukemia and/or lymphoma. Your use of Roundup on this property simply puts me at an unacceptable risk. As such, as a specific modification under the Washington Law Against Discrimination, Americans with Disabilities Act Title III, and the Fair Housing Act, please immediately cease using Roundup on this property.

In addition, you regularly employ 2 cycle gas powered leaf blowers. The noise and air pollution created by use of such leaf blowers constitutes a nuisance under Washington State law, and severely aggravates my disability. As a specific modification under the Washington Law Against Discrimination, Americans with Disabilities Act Title III, and Fair Housing Act, please immediately cease using 2-cycle gas powered leaf blowers on this property. You may use electric leaf blowers, which are ten time quieter, and produce engine exhaust. Electric leaf blowers are readily available at your local Home Depot.

THESE ARE SPECIFIC REQUESTS FOR MODIFICATION. IN ORDER TO DENY SAID REQUESTS WITHOUT VIOLATING THE LAW YOU MUST DEMONSTRATE SAID REQUESTS TO BE A FUNDAMENTAL ALTERATION, UNDUE BURDEN, OR SAFETY THREAT. FAILURE TO RESPOND IS A VIOLATION OF THE ADA, FHA, AND WLAD.

It seems, that in response to my previous request, you have simply increased the use of gas powered leaf blowers, and application of RoundUp, as a means of retaliation.

Best Regards,

# EXHIBIT C

**WLAD - Request for accommodation - second attempt**

Tim Hawkins (tim@brookstonelandscapes.com)

scotticeberg@yahoo.com

farmbyvintage.cd@fpimgt.com; ethnie@brookstonelandscapes.com; tiara@paadvisors.com

Monday, August 28, 2023 at 01:43 PM PDT

We have never received any email from you, and any accusation you have made is completely false. There has never been, nor is there any retaliation for anything on any property we work on.

Additionally, we do not use Roundup for the very reasons you have indicated. It is unsafe. We use other approved (by the state of Washington) chemicals to treat weeds on properties.

Regarding the use of blowers, we are using them in accordance with the state of Washington rules and regulations. We have received the request to not blow within a certain distance from your unit due to the request that you have made, which I believe that we are doing. If we are not, the property manager lets me know so we can train our crews on the requests made.

Requests/etc should be taken through the management company.

Thanks,

Timothy Hawkins, CLT
President
Brookstone Landscape & Design, LLC
www.brookstonelandscapes.com
(360) 496-7472 - cell

**BROOKSTONE**
LANDSCAPE & DESIGN

Email and any files transmitted with it are the property of Brookstone Landscape & Design, LLC, are confidential, and are intended solely for the use of the individual or entity to which this email is addressed. If you are not one of the named recipients or if you have reason to believe you have received this message in error, please notify the sender and delete this message immediately from your computer. Any other use, retention, dissemination, forwarding, printing or copying of this email is strictly prohibited.

> On Mon, Aug 28, 2023 at 1:32 PM Scott Iceberg <scotticeberg@yahoo.com> wrote:
>
> Hello,
>
> I contacted you on 7-31-23, with the email below. I'm concerned you may be failing to respond deliberately. It is a violation of the WLAD and ADA to refuse to respond to a reasonable accommodation request.
>
> Best Regards,
> Scott Iceberg
>
> On Monday, July 31, 2023 at 10:11:50 AM PDT, Scott Iceberg <scotticeberg@yahoo.com> wrote:
>
> Hello,

# EXHIBIT D

...cking PPP

Search Every Company Approved for Federal Loans

Search for PPP loan applications by organization, lender, zip code and business type.

Search

### BROOKSTONE LANDSCAPE & DESIGN LLC

... information here?

Amount
$350,927

Amount Forgiven
**$354,300**
*Includes any accrued interest*

...re applicants said the money will go

|  |  |
|---|---|
|  | $350,927 |
|  | $0 |
| ...gage interest | $0 |
|  | $0 |
|  | $0 |
| ...ance EIDL | $0 |
| ... interest | $0 |

...land, WA

...ndscape Architectural Services

... Approved
...ril 14, 2020 (First Round)

... Bank, National Association

... reported

...ness type

COMPLAINT - 11

...ited Liability Company(LLC)

...sting or more than 2 years old

...panies and nonprofit organizations that receive PPP loans may have the loans forgiven if ... certain criteria, including not laying off employees during the defined period ...red by the loan. Applicants must attest in their application that the loans are necessary for ...tinuing operation. Note: This data reflects loan applications approved by banks and ...mitted to the SBA. It may not account for money not distributed to, or credit not used by, a ... company.

...ou are a representative of this company and believe this record is in error, use this form to ...he SBA know.

About this data

...ata comes from the Small Business Administration, and includes lender-approved loans under the Paycheck ...ction Program as of June 1, 2021. Other loan programs, such as Economic Injury Disaster Loans, are not included in ...atabase. The data includes the congressional district of each organization, but for Pennsylvania and North Carolina ...istricts do not reflect 2018 redistricting.

...nalists: Thank you for using this database. Please cite ProPublica by linking to this page. Questions? Contact us.

...OMPLAINT - 12

**SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY**

| | |
|---|---|
| SCOTT ICEBERG | No. |
| Plaintiffs, | CERTIFICATE OF SERVICE |
| v. | |
| FARM BY VINTAGE PARTNERS, LLC, | |
| Defendant. | |

I certify under penalty of perjury under the laws of the State of Washington that, on the date _____, I hand-delivered a true copy of the Summons and Complaint to

Dated:

Respectfully Submitted,

_____
Signature

COMPLAINT FOR DAMAGES – Page 1 of 1

**SHERIFF**
KING COUNTY
Susan L. Rahr, Sheriff

**Please type or print clearly** – Our detectives work **daytime, weekday** hours

Serve-by Date _____

| Who is the Plaintiff/Petitioner? | Who is the Defendant/Respondent? |

_____ v _____

**Party to be Served** (for a company, also list name of contact person if you know it):

Name/
Company _____          Contact @
                                          Company _____

Home Address _____      Home # (_____) _____

City/State/ZIP _____    Work # (_____) _____

Employer Name _____     Cell # (_____) _____

Employer Address _____  E-mail _____

City/State/ZIP _____    Date of Birth _____

Social Security # _____ DL# _____

**Physical Description**

**Is there anything more we need to know?**

**Possible hazards:** ☐ guns  ☐ knives  ☐ dogs  ☐ substance abuse  ☐ mental illness

**Proof of Service and/or questions should be addressed to** *(your information)*:

Name _____             Home # (_____) _____

Company _____          Cell # (_____) _____

Address _____          Work # (_____) _____

City/State/ZIP _____   E-mail _____

**This information is available in alternative formats upon request.
TDD relay 1-800-833-6388**

KCSO D-149 (11/09)