1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG, <br><br> Plaintiff(s), <br><br> v. <br><br> BROOKSTONE LANDSCAPE & DESIGN LLC et al., <br><br> Defendant(s). | CASE NO. 23-01871-KKE <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on a motion to dismiss filed by Defendants Brookstone Landscape & Design LLC ("Brookstone") and Tim Hawkins.  Dkt. No. 4.  The Court has reviewed the motion (Dkt. No. 4) and Mr. Iceberg's response (Dkt. No. 14).  Defendants did not file a reply. For the reasons provided below, the Court grants in part and denies in part the motion to dismiss.

## I.   BACKGROUND

Mr. Iceberg lives at the Farm by Vintage Apartments in Mill Creek, Washington.  Dkt. No. 3 ¶ 6.  Mr. Iceberg has been "diagnosed with panic disorder, generalized anxiety disorder, complex post-traumatic stress disorder, and ulcerative colitis" and is "immune compromised." *Id.* ¶¶ 10–11.  Mr. Iceberg alleges employees of Brookstone, a landscaping company owned by Mr. Hawkins, unnecessarily uses "multiple gas power leaf blowers" and sprays a chemical that Mr. Iceberg

alleges is glyphosate,[1] which induces panic attacks and other illnesses.  *Id.* ¶¶ 13–16.

On July 31, 2023, Mr. Iceberg sent an email to sales@brookstonelandscapes.com and two non-Brookstone email addresses, asking them to stop spraying Roundup and using leaf blowers, as a "modification under the Washington Law Against Discrimination, Americans with Disabilities Act Title III, and the Fair Housing Act."  Dkt. No. 3 at 7.  Mr. Iceberg sent another email on August 28, 2023, adding tim@brookstonelandscapes.com, following up on his "reasonable accommodation request."  *Id.* at 8.  Mr. Hawkins responded explaining Brookstone does not use Roundup and confirming Brookstone's efforts to "not blow within a certain distance from your unit due to the request you have made."  *Id.* at 9.

On November 15, 2023, Mr. Iceberg, proceeding pro se, filed this lawsuit in Snohomish County Superior Court and Defendants timely removed to this Court.  Dkt. No. 1.  On December 6, 2023, Mr. Iceberg filed his first amended complaint alleging violations of Title III of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12182) and the Rehabilitation Act (29 U.S.C. § 794).  Dkt. No. 3 ¶¶ 24–33.  Defendants now move to dismiss both causes of action.  Dkt. No. 4.

## II.   ANALYSIS

This Court has subject matter jurisdiction over this matter because Mr. Iceberg's causes of action arise under federal law.  *See* 28 U.S.C. § 1331.

### A.   **Legal Standard**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  "To

---

[1] In the amended complaint, Mr. Iceberg only alleges the use of "glyphosate."  Dkt. No. 3 ¶¶ 2, 4, 5, 16–19, 26–28, 31–33.  In the emails attached to the amended complaint, Mr. Iceberg specifically complains of the use of Roundup.  *Id*. at 7–9.

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 8(a)(2) (a plaintiff must make a "short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At this stage, the Court accepts as true all factual allegations in the complaint and construes them in the light most favorable to the nonmoving party. *Gonzalez v. Google LLC*, 2 F.4th 871, 885 (9th Cir. 2021), *rev'd on other grounds by Gonzalez v. Google LLC*, 598 U.S. 617 (2023) (per curiam).

Because Mr. Iceberg is pro se, the Court must construe his complaint liberally even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010–11 (9th Cir. 2011). "Furthermore, '[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.'" *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)).

**B.    Defendants' Motion to Dismiss the ADA Claim Is Granted.**

To state a cause of action for discrimination under Title III of the ADA, an individual must show that

> (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.

*Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). Defendants argue that Mr. Iceberg's ADA claim does not meet the second requirement because residential apartments

1    "are not places of public accommodations," so Defendants are not "obligated to comply with" the

2    ADA.  Dkt. No. 4 at 6.

3           Mr. Iceberg's first amended complaint describes the location of the discrimination as "his

4    very expensive apartment" and "the property where Plaintiff resides."  Dkt. No. 3 ¶¶ 2–5, 13, 16–

5    19, 23, 26–28, 31–33.  Defendants are correct that such private residences are not subject to Title

6    III of the ADA.  *Indep. Hous. Servs. of S.F. v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 n.14

7    (N.D. Cal. 1993) ("[T]he legislative history of the ADA clarifies that 'other place of lodging' does

8    not include residential facilities.").

9           Mr. Iceberg argues in response to the motion to dismiss that Brookstone operates[2] the

10   parking lot at the apartment complex and the parking lot is a place of public accommodation.  Dkt.

11   No. 14 at 7.  Even if Mr. Iceberg had limited his allegations to acts that occurred in the parking lot

12   of the apartment building, the ADA's Title III protections do not apply.  Mr. Iceberg cites *Langer*

13   *v. Kiser*, 57 F.4th 1085 (9th Cir. 2023), as support for the proposition that parking lots are places

14   of public accommodations.  This is not the holding of *Langer*.  Rather, the court there held the

15   parking lot of a place of public accommodation was covered under Title III of the ADA as a facility

16   of a place of public accommodation.  *Langer*, 57 F.4th at 1101 ("[T]he Lobster Shop parking lot

17   constitutes a facility of a place of public accommodation rather than a free-standing place of public

18   accommodation.").  As the Ninth Circuit explained, ADA regulations define "facilities" under

19   Title III to include parking lots of covered entities.  *Id.* (citing 28 C.F.R. § 36.304).  However,

20   nothing in the text of the statute or regulation supports characterizing the parking lot of a private

21   residence as a place of public accommodation when the statute does not otherwise apply.  Here,

22   neither the apartment building nor its parking lot are places of public accommodation under Title

23   III of the ADA.  Thus, Mr. Iceberg cannot state a claim for discrimination under the ADA.

24

---

[2] For purposes of this motion to dismiss, Defendants did not dispute they operate the area at issue.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 4

Mr. Iceberg argues in response to the motion to dismiss that he is also bringing a claim for retaliation under the ADA (42 U.S.C. § 12203(a)).  Dkt. No. 14 at 9–10.  While this cause of action is not obvious from the face of the first amended complaint,[3] any retaliation claim also fails because Brookstone does not own, lease, or operate a place of public accommodation.  *See Van Hulle v. Pac. Telesis Corp.*, 124 F. Supp. 2d 642, 645 (N.D. Cal. 2000) ("This Court thus concludes that a plaintiff cannot maintain an ADA retaliation claim against entities which are not otherwise subject to Subchapters I, II, and III of the ADA."); *Saniefar v. Moore*, No. 1:17-cv-00823-LJO-BAM, 2018 WL 3020458, at *6 (E.D. Cal. June 18, 2018) ("Defendants who are not otherwise subject to ADA remedies cannot be sued for retaliation under the ADA.").

The Court dismisses all of Mr. Iceberg's ADA claims.  Because any ADA claims against Defendants would be futile, Mr. Iceberg is not granted leave to amend.

**C.      Defendants' Motion to Dismiss the Rehabilitation Act Claim is Denied.**

Section 504 of the Rehabilitation Act prohibits discrimination on the basis of disability against a "qualified individual with a disability."  29 U.S.C. § 794(a).  "A plaintiff bringing suit under § 504 must show (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance."  *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).  Unlike Title III of the ADA, the Rehabilitation Act reaches beyond places of public accommodation and applies to "any program or activity receiving Federal financial assistance."  29 U.S.C. § 794.

---

[3] Even interpreting Mr. Iceberg's first amended complaint liberally, the only allegation of retaliation in the complaint is one sentence: "In response to Plaintiff's reasonable accommodation request that Defendant not use gas powered leaf blowers at the property where Plaintiff resides, Defendant increased the frequency, and duration, of said use of leaf blowers, in order to retaliate against Plaintiff."  Dkt. No. 3 ¶ 23.  But Mr. Iceberg neither cites 42 U.S.C. § 12203(a) in his first amended complaint, nor lists retaliation as a cause of action.  Nevertheless, the Court addresses the sufficiency of this claim.

In the first amended complaint, Mr. Iceberg alleges that Brookstone receives federal financial assistance via its receipt of a Paycheck Protection Loan ("PPP") under the CARES Act and was therefore obligated under the Rehabilitation Act to accommodate his request to stop using glyphosate and gas-powered leaf blowers.  Dkt. No. 3 ¶ 30.  Defendants have failed to argue otherwise.  Specifically, Defendants do not address the issue of their alleged receipt of federal funds, and appear to concede that receipt of a PPP Loan is sufficient to bring Brookstone within the ambit of the statute.[4]  Defendants likewise do not address the timing or circumstances of their PPP loan repayment in relation to Plaintiff's claims[5] or whether the landscaping services provided at Mr. Iceberg's residence are a covered "program or activity."  29 U.S.C. § 794(b).

Rather, Defendants' sole argument in support of the motion to dismiss is that Mr. Iceberg was never an employee of Brookstone, and as such, "Brookstone was not under any obligation to accommodate Iceberg."  Dkt. No. 4 at 6.  Defendants do not cite authority for the proposition that the Rehabilitation Act only applies in the employment context.  *See id.*; *Roberts v. Sacramento Hous. & Redevelopment Agency*, No. 2:22-cv-01699-DJC AC PS, 2023 WL 3737073, at *4 (E.D. Cal. May 31, 2023) (recommending denial of a motion to dismiss a Rehabilitation Act claim when "defendants rest on the erroneous contention that the ADA and Rehabilitation Act do not apply outside the employment discrimination context"), *report and recommendation adopted sub nom.*,

---

[4] District courts are split on whether such a loan is sufficient to obligate an entity to comply with the Rehabilitation Act.  *Compare Marcus v. Centers for Disease Control & Prevention*, No. 2:22-cv-02383-SSS-ASx, 2023 WL 3044614, at *9 (C.D. Cal. Feb. 21, 2023) ("The Court finds the funds the Airline Defendants received from the government under the CARES Act were compensation in response to the economic crises created by COVID-19 and do not constitute a subsidy or federal financial assistance under the [Rehabilitation Act]."), *with Doe v. Abington Friends Sch.*, No. CV 22-0014, 2022 WL 16722322, at *7 (E.D. Pa. Nov. 4, 2022) ("[A] program [that] received a PPP loan [is] sufficient to establish receipt of federal financial assistance for the purpose of surviving a motion to dismiss" on a Rehabilitation Act claim).  Because Defendants do not dispute Brookstone is subject to the Rehabilitation Act, the Court need not decide this issue.

[5] *See Sharer v. Oregon*, 581 F.3d 1176, 1180 (9th Cir. 2009) ("Section 504's reach, however, encompasses a department or agency receiving federal funds in only those periods during which the funds are accepted."); *DiPietro v. Archbishop Wood High Sch.*, No. CV 22-2106, 2024 WL 185292, at *3 (E.D. Pa. Jan. 16, 2024) ("[I]f a PPP loan created obligations under the RA, those obligations would cease when the government forgives the loan.").

1   *Roberts v. Sacramento Hous. & Redevelopment Ageny*, 2023 WL 8028482 (E.D. Cal. Nov. 20,

2   2023).

3          Accordingly, because the Court must accept Mr. Iceberg's allegations as true at this stage,

4   and in light of Defendants' thin argument to the contrary, the Court denies Defendants' motion to

5   dismiss the Rehabilitation Act claim.

6                              **III.   CONCLUSION**

7          For the above reasons, the Court GRANTS IN PART and DENIES IN PART Defendants'

8   motion to dismiss.  Dkt. No. 4.  Mr. Iceberg's Title III ADA discrimination and retaliation claims

9   are dismissed with prejudice.

10

11          Dated this 8th day of March, 2024.

12

13                                   Kymberly K. Evanson
                                     _____
14                                   Kymberly K. Evanson
                                     United States District Judge
15

16

17

18

19

20

21

22

23

24